# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

      v.                                    Case No. 09-CR-54

TRAVIS RADDLE AND
BLAKE WILSON,

        Defendants.

## ORDER DENYING DEFENDANTS' MOTIONS FOR SEVERANCE

This case began by way of eight separate criminal complaints issued against each of the individual defendants on January 30, 2009. On February 24, 2009, the grand jury returned a joint two count indictment against all eight defendants alleging in each count each defendant attempted to commit a robbery, in violation of Title 18, United States Code, Section 1951(a), and attempted to possess five kilograms or more of cocaine, in violation of Title 21, United Sates Code, Section 846. (Docket No. 11.) Defendants Travis Raddle ("Raddle") and Blake Wilson ("Wilson") have each filed motions for severance. (Docket Nos. 32, 36.) The government has responded. (Docket No. 38.) Neither defendant has replied. The pleadings on the defendants' motions are closed and the matters are ready for resolution. A final pretrial conference is scheduled for May 15, 2009 and a jury trial is scheduled to commence on May 26, 2009 before the Honorable Lynn Adelman.

**RADDLE'S MOTION FOR SEVERANCE**

Each defendant made a post-arrest statement. "Raddle's statement indicates that he was unaware of any criminal activity occurring." (Docket No. 33 at 1.) He contends that there is a "great

degree of disparity in culpability of the co-defendants on this case. While some co-defendants are subject of wire taps or confessions, Mr. Raddle's involvement appears to be his presence at a meeting that lasted one minute and six seconds in a parking lot . . ." as well as a fingerprint on a firearm. (Docket No. 33 at 1-2.) Raddle contends that severance is necessary because of the "markedly different degrees of culpability" between himself and his co-defendants. Raddle further argues that the wiretap (the government points out that although there were recorded conversations, there was no wiretap (Docket No. 38 at fn1)), does not contain a single statement by Raddle, contains conversations about his co-defendant, Eureka Hopson's ("Hopson"), past robberies. Thus, it would be difficult for the jury to separate him from his more sophisticated and experienced co-defendant. (Docket No. 33 at 2.)

**WILSON'S MOTION FOR SEVERANCE**

Like Raddle, Wilson's post-arrest statement indicated that he had no knowledge of the alleged plan. Certain co-defendants provided statements that were inconsistent with Wilson's statement, while others' statements supported Wilson's statement. (Docket No. 36-2 at 3.) Wilson states in his brief in support of his motion for severance:

> A joint trial will deny Mr. Wilson his Sixth Amendment rights to confront and cross-examine co-defendant witnesses who have provided inculpatory statements, yet elect not to testify at the trial. Joinder will also deny Mr. Wilson his Sixth Amendment right to subpoena and call co-defendant witnesses who would provide exculpatory testimony, but who chose not to testify at trial.

(Docket No. 36-2 at 3.)

Further, Wilson, like Raddle, contends that severance is appropriate in light of the "markedly different degrees of culpability and involvement in the alleged crimes," particularly Hopson. (Docket No. 36-2 at 4.)

**ANALYSIS**

Federal Rule of Criminal Procedure 8(b) permits the government to charge two or more defendants in a single indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 14 permits a court to sever joined defendants and order separate trials if "a consolidation for trial appears to prejudice a defendant." The defendants do not allege that they were improperly joined pursuant to Rule 8(b) but rather each seek relief from prejudicial joinder pursuant to Rule 14.

> [A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. The risk of prejudice will vary with the facts in each case, and district courts may find prejudice in situations not discussed here.

Zafiro v. United States, 506 U.S. 534, 539 (1993) (internal citations omitted).

A defendant is not entitled to severance simply because he may have a better chance of acquittal if she had a separate trial. Id. at 540. "Rather, [a defendant] 'must establish that he suffered actual prejudice' . . . by establishing that absent the granting of the severance motion, he was unable to obtain a fair trial." United States v. Stokes, 211 F.3d 1039, 1042 (7th Cir. 2000) (citations omitted). It is the defendant's burden to demonstrate a strong showing of prejudice. United States v. Moya-Gomez, 860 F.2d 706, 767-68 (7th Cir. 1988).

The risk of prejudice that may result from "evidentiary spillover" is ordinarily slight. United States v. Abdelhaq, 246 F.3d 990, 992 (7th Cir. 2001). Generally, any risk of prejudice will be eliminated by appropriate limiting jury instructions. Zafiro, 506 U.S. at 539, 541. "Moreover, courts also have a strong interest in favor of joinder of offenses; in particular, joinder of offenses reduces

the waste of precious judicial and prosecutorial time in the already overburdened federal judicial system and reduces the burdens on witnesses from testifying at multiple trials." Stokes, 211 F.3d at 1042. The Seventh Circuit "has long recognized a presumption in favor of conducting a joint trial for persons who have been jointly indicted, especially in situations such as this where the indictment charges a conspiracy." United States v. Caliendo, 910 F.2d 429, 437 (7th Cir. 1990) (citing cases). "[A] simple 'disparity in the evidence' will not suffice to support a motion for severance -- i.e., it does not independently establish 'actual prejudice'." Id. at 438.

The government points out that it is only with respect to co-defendant Hopson that Raddle and Wilson indicate there is a disparity of evidence. (Docket No. 38 at 5.) Thus, the government observes that if there was a basis to grant a motion for severance on the basis of the disparity of the evidence, severance would apply only to Hopson, and would not require Raddle and Wilson to both be tried separately from all other co-defendants. (Docket No. 38 at 5.) However, the government contends that the defendants' generic allegations of prejudice do not support prejudice and thus no severance is required.

It is the conclusion of this court that the defendants have failed to make a strong showing that any disparity in evidence will result in prejudice. The defendants' arguments are largely speculative. Further, the defendants have failed to demonstrate that it is unreasonable to assume that the jury in a joint trial will not be able to fulfill its duty to assess the evidence against each defendant individually. Therefore, the court shall deny Wilson's motion on this ground and Raddle's motion in its entirety.

As for Wilson's contention a joint trial would result in the introduction of statements by co-conspirators wherein Wilson is implicated, which would be inadmissible should Wilson be tried alone, the government responds that "no statements by co-defendants directly implicate defendant Wilson," and "[t]o the extent that any statements do tend to implicate defendant Wilson, his

4

concerns can easily be addressed through redaction and jury instructions." (Docket No. 38 at 7.) The government does respond to Wilson's contention that a joint trial would deny him the right to subpoena and call co-defendant witnesses who would provide exculpatory testimony, but who would choose not to testify at trial. (Docket No. 36-2 at 3).

Wilson's allegations of prejudice are all vague and undefined, and thus it is the conclusion of this court that Wilson has failed to demonstrate a substantial risk of prejudice should his motion for severance be denied. Wilson has chosen not to respond to the government's representation that no co-defendant ever implicated him by name, and thus the court presumes this statement to be accurate. To the extent that a co-defendant may have made a statement implicating Wilson, Wilson has failed to demonstrate that the redaction procedure set forth in United States v. Brooks, 125 F.3d 484, 501-02 (7th Cir. 1997), would be insufficient to overcome any risk of prejudice resulting from Wilson's inability to cross-examine a co-defendant whose statement was introduced but chose not to testify.

Further, Wilson provides no indication as to the nature of what sort of exculpatory testimony any of his co-defendants may offer if he was able to call these defendants at a separate trial, nor does he indicate that any of these co-defendants would waive his right to remain silent and agree to testify on Wilson's behalf. This unfounded speculation is insufficient to demonstrate prejudice. Finally, it is appropriate to note that the allegedly exculpatory post-arrest statements made by Wilson's co-defendants may well be admissible only in a joint trial.

**IT IS THEREFORE ORDERED** that Raddle and Wilson's motions for severance, (Docket Nos. 32, 36), are **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of

Wisconsin's electronic case filing procedures.  Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case.  Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 10th day of April, 2009.

s/AARON E. GOODSTEIN<br>U.S. Magistrate Judge